UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: SG 3836
:
DONNA and ANTHONY O'NEILL :   Docket No.: 13 Civ. _____
:
              Plaintiffs, :   COMPLAINT
  -against- :
:   Jury Trial: No
ALLSTATE INSURANCE COMPANY :
:
             Defendant. :
:
:
------------------------------------------------------------------x

     Plaintiffs, by their attorneys, Gauthier, Houghtaling & Williams, LLP, for their Complaint against the Defendant, Allstate Insurance Company, allege the following upon information and belief:

## THE PARTIES

     1.    The Plaintiffs listed in the table below are individuals who reside and are domiciled in this judicial district. Their property, located at the address shown below, was insured against flood damages by the Defendant, Allstate Insurance Company.

| No. | Name of Insured(s) | Policy Number | Address of Property |
|---|---|---|---|
| 1. | Donna and Anthony O'Neill | 4802144761 | 335 East Chester Street, Long Beach, Nassau County, NY 11561 |

     2.    Defendant Allstate Insurance Company ("Allstate") was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in New York, with its principal place of business located at 2775 Sanders Road, Northbrook, IL 60062-6127.

3. Allstate is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Allstate issued a Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that Allstate procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiffs' property and contents located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiffs purchased a Standard Flood Insurance Policy (the "Policy") from Allstate to insure their property and contents located at the address shown above against physical damage by or from flood.

10. Plaintiffs paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured property.

12. As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured property and to personal property and contents located therein.  Plaintiffs have incurred and/or will incur significant expenses to repair and replace their flood-damaged property.

13. Plaintiffs reported the damage and properly submitted their claims to Allstate. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

14. Allstate unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

15. Plaintiffs retained independent experts to evaluate the damages to their insured property caused by and from flood.  The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered property.  These damages were thoroughly documented and reports were submitted to Allstate for review.  Allstate has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

16. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

17. Plaintiffs and Allstate entered into a contract when Plaintiffs purchased and Allstate issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to their property and contents located at the address shown above.

19. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Allstate regarding their claims. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Allstate waived or excused such conditions precedent.

20. Allstate failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs what they are owed for damages the Storm caused to property that the Policy covered. Allstate also breached the contract by failing to perform other obligations it owed under the Policy.

21. Allstate has a duty to deal fairly and in good faith with the Plaintiffs. There is an implied covenant of good faith and fair dealing in every insurance contract. This covenant obligates the party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party. It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

22. By wrongfully denying payments to Plaintiffs, Allstate has breached, or will breach, the duties of good faith and fair dealing owed to Plaintiffs, and to the public at large. In addition, Allstate breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiffs are presently unaware. Allstate's duty of good faith and fair dealing continues during the pendency of this case. Plaintiffs reserve the right to seek leave of the Court to amend this Complaint at such time as they may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

23. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for their covered losses, Allstate is liable to and owes Plaintiffs for the actual damages they sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiffs may prove as allowed by law.

## PRAYER

WHEREFORE, the Plaintiffs named herein respectfully request that the Court enter judgment in their favor for such amounts as Plaintiffs may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By: _____
   /s/ *Sean Greenwood*
   Sean Greenwood
   New York Bar No. 4409140
   SG 3836
   Attorneys for Plaintiffs

5

52 Duane Street Floor 7
New York, NY 10007
Telephone: (646) 461-9197
Facsimile: (212)732-6323

TO:   Allstate Insurance Company
      2775 Sanders Road
      Northbrook, IL 60062-6127